UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **AATIF BROWN**, Defendant. | 2:18-CR-20641-TGB-APP-4 **ORDER RESOLVING MOTIONS** |

Defendant Aatif Brown, charged with several counts relating to wire fraud, money laundering, and identity theft, was convicted by guilty plea and sentenced to 96 months of imprisonment on October 10, 2019. ECF No. 170. He has since filed two post-conviction motions related to his sentence. ECF Nos. 289, 293, 303. Having received responsive briefing from the government (ECF No. 321), the Court will address both motions.

### A. Motion for Judicial Recommendation for Home Confinement

Mr. Brown's first Motion cites 18 U.S.C. § 3624(c), which states that the United States Bureau of Prisons ("BOP") shall "ensure that a prisoner

1

serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." The BOP at its discretion may transfer a prisoner to a community correctional facility or to home confinement. *Id.* In his Motion, Mr. Brown asks the Court to make a "judicial recommendation" that he be sentenced to home confinement. ECF No. 289.

The problem with Mr. Brown's argument is that the statutes he cites do not give the *Court* the authority to order, or even recommend, his eventual transfer to home confinement after completing a certain amount of his sentence. The determination of when and how to facilitate Mr. Brown's reentry rests with the BOP. The Court does not necessarily oppose the BOP exercising its authority under those statutes to afford Mr. Brown the custodial change to home confinement referenced in 18 U.S.C. § 3624(c)(2) if he is entitled to their benefit, but it cannot compel the BOP to do so.

Even if the Court had such authority, the Motion would not be well-taken because it is premature by several years: Mr. Brown's projected release date is in July of 2025. Brown has not yet neared the twelve-month window at the end of his sentence when he would become eligible to be considered for a prelease change in custody, and it is unlikely that the BOP even has enough information at this time to evaluate whether

he will be released to home confinement or not. This Motion (ECF No. 289) is therefore **DENIED WITH PREJUDICE**.

### B. Motion for Compassionate Release

Mr. Brown's second Motion asks for compassionate release under 18 U.S.C. § 3582(c). ECF No. 293. To evaluate his eligibility for compassionate release, the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether release would be consistent with the factors in § 3553(a). 18 U.S.C. § 3582(c)(1).

If a defendant brings a compassionate release motion on his or her own behalf, a court can only consider it if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on their behalf. 18 U.S.C. § 3582(c)(1)(A). This means the defendant must first ask the warden of their facility to recommend compassionate release for them. If the request is denied, the defendant must make any appeals that are allowed under Bureau of Prisons policy and thereby "fully exhaust" their rights of appeal. If the defendant's request and all appeals are denied, this condition is met. Alternatively, this condition can be met if a defendant files a request with their warden and does not receive a response within thirty days. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Mr. Brown filed an addendum to his Motion indicating that his request for compassionate release was denied by his warden on February 9, 2022. ECF No. 303. However, there is no record evidence that he has appealed this decision through the BOP, and therefore he has not fully exhausted his right to appeal. The exhaustion requirement is a "mandatory condition" and on these grounds alone the Court must deny the Motion. *See Alam,* 960 F.3d at 833.

The Court notes that if it were to address the grounds of this Motion, they are not sufficient to support early release under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. McGirt*, No. 2:17-CR-00068-JRG-1, 2022 WL 683316, at *2 (E.D. Tenn. Mar. 7, 2022) (consideration of merits of motion when exhaustion requirement is not met). Mr. Brown must allege an "extraordinary and compelling reason" that warrants his release. He states that his mother is in ailing health, and that he is the only person available to take care of her as his siblings are unavailable or unwilling to do so. ECF No. 293, PageID.2209-11. The Court is in receipt of a letter from one of his siblings, which is not on the docket for this case, indicating that she cannot care for their mother. He also cites a district court case which finds that evidence showing a defendant is the only available caregiver for a family member in "dire conditions" can establish an extraordinary and compelling reason for release. *United States v. Ayala*, No. 16 CR 809(VM), 2020 WL 6626015, at *1 (S.D.N.Y.

Nov. 12, 2020) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020)).

But Mr. Brown's claim has the same issue as the claim in the case he cites, *Ayala*: the alleged severity of his mother's health conditions is not supported by the record. There is no statement from her that such care is needed, and the medical records provided by Mr. Brown do not support the conclusion that, at age 48, she is in need of full-time care. Govt.'s Resp. Br., ECF No. 321, PageID.2579-80 (citing Motion for Compassionate Release, ECF No. 293, PageID.2213-25).

The Motion for Compassionate Release is therefore **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this 28th day of June, 2022.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

5